**UNITED STATES DISTRICT COURT**

**MIDDLE DISTRICT OF LOUISIANA**

**EQUITY CAPITAL MARKETS, LLC** **CIVIL ACTION**

**VERSUS**

**NO. 23-454-JWD-RLB**

**SAFEPORT INSURANCE COMPANY**

**ORDER**

Before the Court is SafePort Insurance Company's ("Defendant") Motion to Compel Responses to Discovery and Corporate Deposition (the "Motion"). (R. Doc. 24). It is unopposed.

## I. Background

On June 13, 2023, Equity Capital Markets, LLC ("Plaintiff") filed a diversity action in this Court against Defendant for its alleged contract breach and bad faith. (R. Doc. 1). Plaintiff alleges Defendant failed to pay sums due under an insurance policy after Hurricane Ida damaged its property at 4733 Shelley Street, Baton Rouge, LA 70805 (the "Property"). (R. Doc. 1). The deadline for filing discovery motions and completing fact discovery in this case expired on May 30, 2024. (R. Doc. 16). Complying with this deadline, Defendant sent Plaintiff its First Set of Interrogatories ("Interrogatory(ies)") and Requests for Production ("RFP(s)") on November 13, 2023. (R. Doc. 24-3). Thanks to an extension provided by Defendant, Plaintiff's counsel (Scott Peebles and Christina Soileau) timely sent Plaintiff's responses on December 29, 2023. (R. Docs. 24-6; 24-7). Many of the responses indicated responsive information would be provided only "when it be[came] available." (R. Doc. 24-7). Defendant sought no supplementation until March 27, 2024—by which time Brett Cain was Plaintiff's counsel—because the parties were focused on mediation. (R. Docs. 24-2 at 3, 4; 24-8; 24-9; 24-10).

Defendant claims that, on March 27, 2024, Defendant's counsel "agreed to review the file and supplement Plaintiff's discovery responses appropriately[.]" (R. Doc. 24-2 at 4). After Defendant's counsel failed to respond to many emails or provide supplemental responses, a Fed. R. Civ. P. 37 ("Rule 37") conference was held on May 22, 2024 regarding Interrogatory Nos. 2, 4, 6, 8, 10, 14, 15, 16, and 18, and RFP Nos. 19 and 20. (R. Docs. 24-2 at 5, 6; 24-13 at 1). Defendant also asked for supplementation on whether repairs were made to the Property because Plaintiff's mediation papers stated repairs were made to stop water intrusion, while Plaintiff's responses stated no repairs were made. (R. Docs. 24-7; 24-13 at 1). Leading up to and following the Rule 37 conference, Defendant was also asking Plaintiff for dates on which the Property could be inspected (the "Inspection") and when its representative would be available for a Fed. R. Civ. P. 30(b)(6) deposition (the "Deposition"). (R. Docs. 24-2; 24-12; 24-13; 24-14; 24-15; 24-16). Plaintiff provided no dates of availability. (R. Docs. 24-12; 24-13; 24-14; 24-15; 24-16).

When no supplemental responses were provided more than a week after the conference, and still no dates were set for the Deposition or Inspection, Defendant filed the instant Motion. (R. Docs. 21; 22; 23; 24; 24-1; 24-2). Defendant argues this Court should (i) compel Plaintiff to provide supplemental responses to the Interrogatories and RFPs, (ii) find Plaintiff's objections are waived, (iii) compel Plaintiff to provide dates of availability within the next 30 days for the Deposition and the Inspection, (iv) afford Defendant discovery extensions, and (v) award Defendant attorneys' fees and costs. (R. Docs. 24; 24-2).

## II. Law and Analysis

### A. Legal Standard

Under Fed. Rules Civ. P. "33 and 34, a party upon whom interrogatories and [RFPs] have been served shall serve a copy of the answers, and objections if any, to such discovery requests

within thirty days after service of the requests." *Shelton v. Landstar Ranger, Inc.,* No. CV 22-337-BAJ-SDJ, 2023 WL 1425321, at *1 (M.D. La. Jan. 31, 2023) (citation omitted). An "evasive or incomplete disclosure, answer, or response must be treated as a failure to disclose, answer or respond." Fed. R. Civ. P. 37(a)(4). If a party fails to fully respond to discovery requests in the time allowed by Fed. R. Civ. P. 34(b)(2), or within an agreed upon time, the party seeking discovery may move to compel responses under Fed. R. Civ. P. 37(a)(3). In deciding even an unopposed motion to compel, a court considers that while "[p]arties may obtain discovery . . . relevant to any party's claim or defense and proportional to the needs of the case[,]" the extent of discovery must be limited if "(i) the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive; (ii) the party seeking discovery has had ample opportunity to obtain the information by discovery in the action; or (iii) the proposed discovery is outside the scope permitted by [Fed. R. Civ. P.] 26(b)(1)." Fed. R. Civ. P. 26.

**B. Analysis**

**i. Defendant Has Complied with Rule 37**

Rule 37 requires motions to compel to "include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action." Fed. R. Civ. P. 37(a). A certification "'must accurately and specifically convey . . . who, where, how, and when the respective parties attempted to personally resolve [a] discovery dispute.'" *Persley v. State Farm Mut. Auto. Ins. Co.,* No. 5:19-CV-01685, 2021 WL 1095323, at *2 (W.D. La. Feb. 16, 2021) (citations omitted).

The instant Motion is accompanied by a Rule 37 certificate which explains that "after two different attorneys for the [P]laintiff represented additional discovery responses, Defendant set a

Second Rule 37 Discovery Conference on May 22, 2024., which w[as] memorialized via email[.]" (R. Doc. 24-1). The relevant email was attached to the Motion, and it is apparent from that email "who, where, how, and when" the parties attempted to resolve their discovery disputes. *Persley,* 2021 WL 1095323, at *2 (citations omitted). (R. Doc. 24-13). This Court thus finds Defendant conferred with Plaintiff in compliance with Rule 37. (R. Docs. 14; 14-1).

**ii. Deposition Dates of the Plaintiff**

Fed. R. Civ. P. 30(b)(1) provides that a "party who wants to depose a person by oral questions must give reasonable written notice to every other party[, with t]he notice [stating] the time and place of the deposition and, if known, the deponent's name and address." Fed. R. Civ. P. 30(b)(1). Fed. R. Civ. P. 30(b)(6) governs deposition notices directed to organizations. In a Fed. R. Civ. P. 30(b)(6) deposition notice, the party "must describe with reasonable particularity the matters for examination." Fed. R. Civ. P. 30(b)(6). While Defendant states it "served formal notices for Plaintiff's 30(b)(6) deposition . . . on May 16, 2024[,]" Defendant has failed to attach these notices, attaching only emails wherein its counsel asked Plaintiff for its available dates. (R. Docs. 24-2; 24-12; 24-13; 24-14; 24-15; 24-16).

The Court expects the parties to cooperate in scheduling discovery depositions, especially those involving parties to the litigation. Plaintiff's resistance to providing its dates of availability has caused delay and is easily characterized as dilatory and evasive. Should this continue, this Court will consider Plaintiff to be engaged in dilatory tactics. The Fifth Circuit "has found attorneys' fees justified when a party 'engaged in dilatory tactics during discovery, refused to cooperate during depositions, [and] misused [ ] claim[s] of privilege.'" *Gate Guard Servs., L.P. v. Perez,* 792 F. 3d 554, 562 (5th Cir. 2015) (citation omitted). "Both parties are expected to

engage in this discovery process in good faith. Dilatory or obstructive tactics will not be tolerated." *Saddler v. Musicland-Pickwick Int'l, Inc.*, 31 Fed. R. Serv. 2d 760 (E.D. Tex. 1980).

**Plaintiff and Plaintiff's counsel shall immediately confer and provide to the defense, within the next seven days, multiple acceptable dates between September 1, 2024 and October 15, 2024 for the deposition of the corporate representative(s) of Plaintiff. Should Plaintiff fail to do so, the Court will order Plaintiff's corporate representative to personally appear in Court and explain why sanctions should not be applied. In addition, the defense should unilaterally set the deposition to occur and issue a proper deposition notice under Fed. R. Civ. P. 30(b). Should Plaintiff fail to appear for that deposition, sanctions will be imposed.**

### iii. Plaintiff Will Be Compelled to Provide Inspection Dates

A party may move for an order compelling an inspection if the other party "fails to respond that inspection will be permitted – or fails to permit inspection – as requested under [Fed. R. Civ. P.] 34." Fed. R. Civ. P. 37(a)(3)(B)(iv). Fed. R. Civ. P. 34 provides that "[a] party may serve on any other party a request within the scope of [Fed. R. Civ. P.] 26(b) . . . to permit entry onto designated land or other property possessed or controlled by the responding party[.]" Fed. R. Civ. P. 34(a)(2). To be within the scope of Fed. R. Civ. P. 26(b), a requested inspection must be "relevant to the subject matter involved in the action." Fed. R. Civ. P. 26(b). Because vague Fed. R. Civ. P. 34 requests cannot be adequately assessed for relevance, Fed. R. Civ. P. 34 requests must "describe with reasonable particularity each item or category of items to be inspected; [and] specify a reasonable time, place, and manner for the inspection and for performing the related acts." Fed. R. Civ. P. 34(b).

Plaintiff has failed to oppose the Motion. *See Paige v. State Farm Fire & Cas. Co.*, No. 19-190, 2019 WL 6898655, at *3 (M.D. La. Dec. 18, 2019) (court required Plaintiff to provide its dates of availability for an inspection of the E Property where motion to compel inspection not opposed and party "made six written requests for dates to conduct 30-minute inspections of the E[] Property and the B[] Property[ before] Plaintiff consented to an inspection of the E[] Property but objected to an inspection of the B[] Property[,] ").

**Plaintiff and Plaintiff's counsel shall immediately confer and provide to the defense, within the next seven days, multiple acceptable dates between September 1, 2024 and October 15, 2024 for the inspection of the property. Should Plaintiff fail to do so, the Court will order Plaintiff's corporate representative to personally appear in Court and explain why sanctions should not be applied.**

**iv. Interrogatories and Requests for Production**

**a. Interrogatory Nos. 1, 3, 7, 9, 11, 12, 13, and 17**

Plaintiff fails to directly mention Interrogatory Nos. 1, 3, 7, 9, 11, 12, 13, or 17 in its Motion or memorandum. The Court will remind Plaintiff of its duty to supplement its previous responses, but will not compel any additional responses to these interrogatories. However, Plaintiff's objections, where there exist, fail to describe their grounds with specificity and are unstructured, unexplained lists, such as, "Objection: compound, contains subparts, calls for attorney work product and mental impressions." (R. Doc. 24-7). This Court therefore finds that, given the boilerplate objections to these Interrogatories, its objections are waived, and any documents withheld on those grounds shall be provided in supplemental responses. *VeroBlue Farms USA Inc. v. Wulf*, 345 F.R.D. 406, 420 (N.D. Tex. 2021) (quotation and citation omitted).

("Serving unsupported and boilerplate or stock objections does not preserve or accomplish anything other than waiver[.]").

**b. Interrogatory Nos. 2 and 18**

> **INTERROGATORY NO. 2:** Identify each individual and witness, including the person's name, address, phone number, and email address, of who you believe has information or knowledge regarding the facts or circumstances of this case, providing a brief synopsis of the knowledge you believe he or she possesses, including but not limited to Trinity Richardson, Brenda Bracken, and/or any representative of Plaintiff who assisted in the handling of this claim.
> **ANSWER TO INTERROGATORY NO. 2:** Objection: compound, contains subparts, calls for attorney work product and mental impressions. Response: Kendall Plain – Equity Capital Markets, LLC[;] Owner of the company with knowledge of the property prior to and after Hurricane Ida and post storm damage repairs. Stevephen Lott – 48298 Lawrence Creek Road, Franklinton, LA 70438[;] Licensed Public Adjuster with knowledge of the damages associated with the property and the estimated cost to repair the property.
>
> **INTERROGATORY NO. 18:** Identify each and every person, including the person's name, address, phone number, and email address, who had authorized access to the email accounts for email addresses Plainandassociates@gmail.com and Plainlawassistant@gmail.com, from the time the claim made basis of this litigation was reported to Defendant to the present.
> **ANSWER TO INTERROGATORY NO. 18** Objection: violates right to privacy, overbroad. Response: Kendall Plain. Additional persons, if any, are being determined by Plaintiff. (R. Doc. 24-7).

Regarding Interrogatory Nos. 2 and 18, Defendant seeks supplementation as it has been eight months since Plaintiff listed Kendall Plain as its potential witness with knowledge about the facts and circumstances of this case and the person who has access to the emails listed above. (R. Doc. 24-2). Although Plaintiff's partial responses do not provide all of the contact information for Kendall Plain, it is assumed that Mr. Plain will be the corporate representative of the Plaintiff and is subject to the above order regarding his deposition. In addition, it is reasonable that Plaintiff may have considered whether there are any additional witnesses in the past eight months, and may have discovered additional users of the above email addresses. (R. Doc. 24-7). "Pursuant to Fed. R. Civ. P. 26(e), all parties have a duty to supplement their prior

discovery responses if they receive additional responsive information or to amend if their prior responses have become incorrect or incomplete." *Williams v. Magnolia Cafe,* No. CV 18-1020-EWD, 2020 WL 8513837, at *12 (M.D. La. Sept. 29, 2020) (citation omitted).

To the extent additional information is responsive, Plaintiff shall supplement the interrogatory responses above and state whether other users of the above email accounts have been discovered. Plaintiff shall also supplement a list of the names and contact information of all persons that have knowledge of the facts and the names and contact information of any fact and expert witnesses it expects to call at trial. If Plaintiff does not have all the requested contact information for each person, it shall so state and explain what it has done to obtain such. Plaintiff's objections to these Interrogatories are also waived for their boilerplate qualities. *VeroBlue,* 345 F.R.D. at 420.

**c. Interrogatory No. 4, 5, 6, 8, 14, 15, and 16**

> **INTERROGATORY NO. 4:** Identify all insurance property claims you have made on the property made the basis of your suit in the fifteen (15) years leading up to the incident that forms the basis of this lawsuit.
> **ANSWER TO INTERROGATORY NO. 4:** Objection: overbroad, equally available to Defendant. Response: Plaintiff does not immediately have records to determine if prior claims have been made and is collecting information responsive to this interrogatory, and will provide when it becomes available.
>
> **INTERROGATORY NO. 5:** Provide the following information for any claim made to any insurer, the SBA, Road Home, NFIP or FEMA for property damage or loss at the property in question in your Petition in the fifteen (15) years leading up to the incident, or subsequent thereto, that forms the basis of this lawsuit: (1) Date the claim was made and to whom; (2) Amount of the claim; (3) Type of damage giving rise to claim; (4) Amount paid on claim and date of receipt; and (5) Identify all documents relating to the claim.
> **ANSWER TO INTERROGATORY NO. 5:** [See Interrogatory No. 4 response]
>
> **INTERROGATORY NO. 6:** Identify all mortgage companies or other entities or individuals having any interest in the property which is the subject matter of this litigation and the nature and extent of such interest and identify all documents relating to or evidencing that interest.
> **ANSWER TO INTERROGATORY NO. 6:** [See Interrogatory No. 4 response]

**INTERROGATORY NO. 8:** Identify all persons or entities that have inspected the Property which is at issue in your lawsuit in the fifteen (15) years leading up to the incident that forms the basis of this lawsuit, and/or investigated damage or loss caused to the property as a result of the subject incident, or subsequent thereto, and identify all documents relating to such inspection or investigation.
**ANSWER TO INTERROGATORY NO. 8:** [See Interrogatory No. 4 response]

**INTERROGATORY NO. 14:** Please provide the completion date of construction of the residence in question. In this regard, please provide each and every date on which the roof of the residence was replaced or otherwise repaired.
**ANSWER TO INTERROGATORY NO. 14:** Objection: compound. Response: Plaintiff is collecting information responsive to this interrogatory and will provide when it becomes available.

**INTERROGATORY NO. 15:** Please provide the completion date of any remodeling construction conducted at the residence in question prior to the alleged incident made subject of this litigation. In this regard, please Identify each and every item that was repaired or replaced during any such remodeling construction.
**ANSWER TO INTERROGATORY NO. 15:** Objection: compound. Response: Plaintiff does not know of any remodeling but is collecting information responsive to this interrogatory and will provide when it becomes available.

**INTERROGATORY NO. 16:** Identify each tenant, including the person's name, address, phone number, and email address, whom resided at the Property which is at issue in your lawsuit in the last ten (10) years.
**ANSWER TO INTERROGATORY NO. 16:** Objection: overbroad. Response: Plaintiff is collecting information responsive to this interrogatory and will provide when it becomes available. (R. Doc. 24-7).

The information sought above is relevant to the case, yet Plaintiff has responded to the above Interrogatories by providing boilerplate objections and stating it will provide responsive information "when it becomes available." (R. Doc. 24-7). When a party answers an interrogatory by stating it will provide information "when it becomes available[,]" that party has "clearly not responded" to that interrogatory. *Plain v. Safeco Ins. Co. of Oregon*, No. CV 23-820-BAJ-RLB, 2024 WL 1980126, at *5 (M.D. La. May 3, 2024); *see Lawrence v. Rocktenn CP LLC*, No. CV 16-821, 2017 WL 2951624, at *2 (W.D. La. Apr. 19, 2017) (supplemental response compelled when party said it would provide information "when it became available"). As it has been more

than eight months since the Interrogatories were propounded, Plaintiff has had enough time to gather responsive information; it must therefore supplement its original responses. (R. Doc. 24-7). Plaintiff's objections are also deemed waived by this Court. *VeroBlue,* 345 F.R.D. at 420.

**d. Interrogatory No. 10**

> **INTERROGATORY NO. 10:** Identify all amounts that you have spent to date to repair or replace any property or items that you contend were covered under your homeowner's policy with Defendant and damaged as a result of the subject incident. For each such amount, provide the following information: (1) Amount of repair/replacement; (2) Description of item repaired or replaced; (3) Identity of person or entity performing repair or providing replacement; (4) Date of repair or replacement; and (5) Identify all documents relating to the repair or replacement, including receipts or other documentation evidencing payment.
> **ANSWER TO INTERROGATORY NO. 10:** None. (R. Doc. 24-7).

Defendant explains that, leading up to mediation in this case, it learned repairs were indeed made to stop water intrusion. (R. Doc. 24-13 at 1). Clearly, Plaintiff's response must be supplemented as the original answer simply states, "None." Fed. R. Civ. P. 26(e). (R. Doc. 24-7). Plaintiff has also waived its objections to Interrogatory No. 10 as none were timely made. *Scott v. United States Postal Service,* No. CV 15-712-BAJ-EWD, 2016 WL 7440468, at * 4 (M.D. La. Dec. 27, 2016) (quotations and citation omitted) ("[W]hen a party fails to object timely to interrogatories, production requests, or other discovery efforts, objections thereto are waived.").

**e. RFP Nos. 4, 9, and 17**

> **REQUEST FOR PRODUCTION NO. 4:** All documents relating to any mortgages held on the property which is the subject of this lawsuit.
> **RESPONSE:** Objection: overbroad, not reasonably calculated to lead to admissible evidence, harassing, unduly burdensome.
>
> **REQUEST FOR PRODUCTION NO. 9:** All documents that you intend to introduce at trial of this matter.
> **RESPONSE:** Objection: premature, calls for attorney work product and mental impressions.
>
> **REQUEST FOR PRODUCTION NO. 17:** For any expert whom you or your attorney(s) have retained to testify at trial or any other proceedings, in this case,

> please produce a report of their opinions and all documents that you provided to the expert for consideration in formulating their opinions in this case.
> **RESPONSE:** Objection: premature, calls for attorney work product and mental impressions. (R. Doc. 24-7).

This Court finds Plaintiff's boilerplate objections to RFP No. 4 are insufficient and may be waived. *Matthews v. J & J Serv. Sols., LLC*, No. CV 16-621-BAJ-EWD, 2017 WL 2256963, at *4 (M.D. La. May 23, 2017) (citing *McLeod, Alexander, Powel and Apffel, P.C. v. Quarles*, 894 F. 2d 1482, 1485 (5th Cir. 1990)) ("[T]he Fifth Circuit has held that conclusory objections that the requested discovery is 'overly broad, burdensome, oppressive and irrelevant' are insufficient to voice a successful objection[.]"). Plaintiff must supplement its answer to RFP No. 4, including no objections other than those based on privileges. *See B&S Equip. Co. v. Truckla Servs., Inc.*, 2011 WL 2637289, at *6 (E.D. La. July 6, 2011) (court waived objections not based on privilege). As for RFP No. 17, Plaintiff's "premature" objection is no longer valid, and Plaintiff must supplement its responses. *See Scott v. Mobilelink Louisiana, LLC,* No. CV 20-826-SDD-SDJ, 2022 WL 3009111, at *4 (M.D. La. July 28, 2022) (when party objected discovery was "premature" and gave no response, response was compelled once discovery period closed).

With respect to RFP No. 9, the Court's scheduling order and the trial judge's pretrial order set forth the deadlines for identifying any exhibits intended for use at trial. That said, failure to provide those documents in response to discovery may preclude Plaintiff from using such exhibits at trial.

**f. RFP No. 11**

> **REQUEST FOR PRODUCTION NO. 11:** All documents that you contend prove you sustained additional living expenses.
> **RESPONSE:** Not applicable. (R. Doc. 24-7).

Despite Plaintiff responding "Not applicable" to RFP No. 11, Plaintiff provided Defendant a lease agreement related to alleged additional living expenses. (R. Docs. 24-2 at 3; 24-7 at 12). Plaintiff shall supplement its response to the extent additional responsive information exists.

**g. RFP Nos. 20 and 21**

> **REQUEST FOR PRODUCTION NO. 20:** Please produce the contents of the links below, found on the Integrity Claims Consultants, LLC estimate, dated May 17, 2023. Specifically: [links]
> **RESPONSE:** Plaintiff is not in possession of responsive documents but is inquiring to Integrity to obtain and produce the requested documents.
>
> **REQUEST FOR PRODUCTION NO. 21:** Please produce a copy of any and all rental/lease agreements formed between Plaintiff and each person Identified in response to Interrogatory No. 16.
> **RESPONSE:** Plaintiff is collecting information responsive to this request and will provide when it becomes available. (R. Doc. 24-7).

As discussed further above, this Court has previously held that when a party answers an interrogatory by stating it will provide information "when it becomes available[,]" that party has "clearly not responded" to that interrogatory. *Plain*, 2024 WL 1980126, at *5. The same is true for RFPs. Thus, Plaintiff's answers to RFP Nos. 20 and 21 must be supplemented.

**h. RFP Nos. 1, 2, 3, 5, 6, 7, 8, 10, 12, 13, 14, 15, 16, and 19**

As for the remainder of the RFPs, Defendant has not provided this Court with enough information to make any assessment as to whether supplementation is necessary. (R. Docs. 24; 24-2; 24-7). Generally, where Plaintiff had documents responsive to an RFP, Plaintiff produced those documents and referenced their bates numbers in its written responses. (R. Doc. 24-7). There are also a number of RFPs that Defendant fails to mention at all. (R. Docs. 24; 24-2). "[W]ithout further information from Defendant regarding particular documents that were purportedly withheld based on Plaintiff's objections, the court cannot find that an order compelling Plaintiff to produce additional documents should issue." *Matthews*, 2017 WL 2256963, at *4. Thus, this Court denies Defendant's Motion to the extent it seeks to compel

Plaintiff to provide additional responses to RFP Nos. 1, 2, 3, 5, 6, 7, 8, 10, 12, 13, 14, 15, 16, and 19.[1]

## III. Conclusion

Based on the foregoing,

**IT IS ORDERED** that the Motion (R. Doc. 24) is **GRANTED IN PART** and **DENIED IN PART.** The parties shall bear their own costs.[2] As set forth above,

**IT IS FURTHER ORDERED** that Plaintiff is compelled to provide, **on or before August 29, 2024**, deposition dates and inspection dates.

**IT IS FURTHER ORDERED** that Plaintiff is compelled to provide, **on or before September 5, 2024**, supplemental responses to the Interrogatories and Requests for Production as indicated above.

**IT IS FURTHER ORDERED** that this Court's June 18, 2024 scheduling order (R. Doc. 31) is vacated, and a new scheduling order will be issued.

Signed in Baton Rouge, Louisiana, on August 22, 2024.

**RICHARD L. BOURGEOIS, JR.**
**UNITED STATES MAGISTRATE JUDGE**

---

[1] R. Doc. 24-7 has no RFP No. 18.
[2] When a motion to compel is granted in part and denied in part, a Court may "apportion the reasonable expenses for the motion" after "giving an opportunity to be heard." Fed. R. Civ. P. 37(a)(5)(C).